Rockingham, }
  Oct. 1, 1907. }

## TREADWELL *& a. v.* WILLIAMS.

Where a will directs trustees to divide the income of the estate among the testator's children, and gives the entire property to the last surviving child absolutely and in fee simple, the trust terminates and the estate vests in possession upon the death of all the children but one, without an election by the survivor; and this result is not affected by a provision in a codicil, that a third part of her husband's share of the income may be claimed during life by the wife of a son who eventually becomes sole survivor.

BILL IN EQUITY, for the termination of a trust. Transferred from the January term, 1907, of the superior court by *Wallace*, C. J.

*Page & Bartlett*, for the plaintiffs.

*Streeter & Hollis* and *Richard W. Hale* (of Massachusetts), for the defendant.

CHASE, J. This is a bill in equity, by which the plaintiffs seek a decree for the termination of a trust created by Daniel H. Treadwell by will. Treadwell was an inhabitant of Portsmouth at the time of his decease in 1864, and his will was duly proved and allowed in Rockingham county. By the fifth clause in the will,

after making certain provisions not material to be considered in the present inquiry, he gave the residue of his estate to his four sons " and to their survivors or survivor," as executors and trustees, to manage and care for, and, after paying taxes and other specified expenses, to pay from the balance of the income certain annuities to his wife and daughter during their lives, and—in the words of the will—" to divide the whole of what then remains of the said net income equally among my aforesaid sons, Robert O., William H., George L., and John P., or among those of them who may be alive at my decease, the share of each son to cease at the death of said son, and to be divided among the surviving sons during their lives." The sixth clause is as follows: " It is my will that my estate be not divided (except only the income of it), and that my last surviving child, whether son or daughter, inherit the whole estate of every kind after the death of my wife, absolutely and in fee simple." A codicil contains the following provision: " In consideration of the kindness and attention paid me by my daughter-in-law Marianna Weston Treadwell, wife of my beloved son Robert O. Treadwell, as well as in consideration of absence of dower in said Robert's share in my estate, I order and direct that, during the time she shall continue the wife or widow of said Robert, the said Marianna shall (if she desires it) receive out of that share of my annual income (after its division) which shall fall to the lot of said Robert, a portion not exceeding one third part of said Robert's share, which portion my executors shall pay over to her (should she wish it) at the same time that the remainder of the said share is apportioned to my said son Robert, and the other shares to the other recipients provided for. But said Marianna shall never compel my executors and trustees by legal process or otherwise to account to her for any sums of money or any doings of theirs." The death of the testator's wife preceded his death. All the children survived him. The daughter died first. William died in 1896, John in January, 1906, and George in February of the same year. Robert is still living, as is also his wife Marianna, and they are the plaintiffs. The defendant was appointed one of the trustees by the probate court in 1905. The residue of the estate consists of real estate situated in Portsmouth and in Boston, Massachusetts, and of personal property. Robert and his wife have severally elected that the trust terminate.

The question transferred is whether the trust is terminated by force of the terms of the will and codicil, either with or without the plaintiffs' election. The answer to this question depends upon the intention expressed by the testator in the will and codicil; and there is scarcely any ground for doubt as to what that inten-

tion was.  As the testator's wife died before his death and Robert
is his last surviving child, Robert inherited " the whole estate of
every kind,  .  .  .  absolutely and in fee simple," upon becom-
ing the sole survivor, unless there is something in the will or codi-
cil which modified the ordinary meaning of the unambiguous terms
of the sixth clause of the will.  There is certainly nothing in the
will which has a tendency to make such modification.  According
to its terms, there was no trust provision remaining to be exe-
cuted after the deaths of his wife, daughter, and three of the sons;
and the trust terminated by force of its limitation when George,
the last son but one, died.

But it is said by the defendant that the codicil tends to show
that the testator modified the sixth clause and other portions of
the will, to the extent of postponing until Marianna's death the
time when the estate would vest in possession in Robert abso-
lutely and the trust would terminate.  Referring to the terms of
the codicil, it is noted that the provision for Marianna is only the
right to claim, if she so desires, a portion not exceeding one third
part of " that share of my annual income (after its division) which
shall fall to the lot of said Robert," such portion being payable
" at the same time that the remainder of the said share is appor-
tioned to my said son Robert, and the other shares to the other
recipients provided for."  The share here referred to, obviously,
is " that share " which " after division " would be allotted to Robert
under the fifth clause of the will.  The evidence is almost conclu-
sive that the codicil was intended simply as an amendment of this
clause of the will.  It modified that clause by giving to Marianna
during life, provided she continue to be the wife or widow of
Robert, the right to claim while he lived a limited portion of the
share of the annual income allotted to him under the clause, and
after his death a similar portion of the share he was receiving at
the time of his death.  In the latter event, the son or sons who
survived Robert would receive a correspondingly less portion of
the income.  The codicil clearly refers to a state of facts which
requires the income to be divided into shares and to be appor-
tioned among Robert and one or more other sons—not to a state
of facts which requires it to be paid in its entirety to Robert.  Its
language cannot be applied to the latter state of facts without
ignoring portions of it and giving other portions a meaning that
they do not ordinarily have.

One of the motives which induced the testator to make the pro-
vision in behalf of Marianna was the " absence of dower in said
Robert's share in my estate."  There would be such " absence of
dower " in her behalf in case Robert's share was only that pro-
vided for by the fifth clause of the will.  In consideration of such

absence, the testator might reasonably be expected to substitute some provision for Marianna's benefit, especially in view of his appreciation of her kindness and attention to him. But if he became the sole surviving son and inherited the whole estate under the sixth clause, Marianna would be entitled to "dower" (whatever may have been meant by the term) in the estate received by Robert from the testator. In that event one of the considerations for making the special provision contained in the codicil would not exist. There is nothing in the will or codicil which tends to show that the testator intended to substitute the optional and precarious right mentioned in the codicil for Marianna's "dower" right, in case Robert inherited the entire estate. There is an equal dearth of evidence tending to show that he intended such right should be additional to her dower right if she should be entitled to dower. It would be absurd to suppose that a provision made in consideration of the absence of a dower right was intended to be additional to that right.

It is suggested by the defendant, that "for some reason not disclosed, the testator evidently thought that Robert could not surely be relied upon to provide for his wife out of his income." The only ground for this suggestion is the fact that the provision of the codicil in Marianna's behalf was made. The will contains abundant evidence that the testator had implicit confidence in the ability and integrity of his sons. In the very clause of the will under consideration (fifth), he devised the residue of his estate to them "and to their survivors or survivor, to have and to hold the same to them" upon the trusts before mentioned. He provided that their personal bond alone should be required for the faithful discharge of their duties; and he empowered them to sell and convey the real estate situated outside this state and the stocks belonging to the estate, and to reinvest the proceeds according to their best judgment and discretion. Under these provisions, Robert, as the survivor of the sons, would be sole trustee in case there was occasion for a continuance of the trust, and it would be his duty to administer that portion of it in favor of Marianna if it continued. If the testator distrusted his son with respect to the performance of his marital duties to his wife, he would not be likely to make it possible for the son to become trustee to administer a provision made to alleviate such failure of duty. The absence of a provision in the will for the appointment of a substitute or co-trustee in such case is weighty evidence that no distrust of the kind suggested existed. It may be remarked, in passing, that the appointment of the defendant as trustee has no bearing upon the question under consideration. It is altogether more reasonable to believe that the codicil was made to give Marianna

a substitute or consideration for the "dower right" which she would not have if Robert's only interest in the estate was that derived under the fifth clause of the will, than to believe that the testator questioned Robert's faithfulness to his marital obligations.

Another reason suggested by the defendant for the continuance of the trust is the alleged fact that it would be necessary if the testator's widow or daughter was alive. Without considering whether the trust would continue in such case, it is sufficient to say that, if it would, it does not follow that the testator intended it should continue for Marianna's benefit also. That would depend upon whether there was any trust provision in her behalf remaining to be executed.

The conclusion is, that according to the testator's intention, as expressed in the will and codicil, the provision made for Marianna in the codicil was to be operative only so long as Robert was receiving a share of the annual income under the fifth clause of the will, and in case of his death while receiving a share, so long as she remained his widow. As Robert has become the sole surviving son and the testator's widow and daughter are dead, the fifth clause of the will has ceased to operate and the sixth clause has become effective to its full extent. There are no trust provisions in the will or codicil remaining to be executed, and the trust terminated upon Robert's becoming the sole surviving son, without regard to the election of himself and wife. This conclusion renders it unnecessary to consider any of the other questions raised in the case or discussed in the briefs of counsel. There should be a

*Decree for the plaintiffs.*

WALKER and BINGHAM, JJ., concurred: PARSONS, C. J., and YOUNG, J., were of the opinion that the testator intended the trust should continue so long as Marianna lived.